UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FATIMA RIDLEY, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>MRS BPO, LLC,<br><br>Defendant. | Case No.:<br><br>COMPLAINT -- CLASS ACTION |

Plaintiffs, Fatima Ridley (hereinafter "Plaintiff"), hereby alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff Fatima Ridley is a natural person, who at all relevant times has resided in Lansdowne, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant MRS BPO, LLC ("MRS BPO") is a business entity doing business in the state of Pennsylvania, with its principal place of business as 1930 Olney Avenue, Cherry Hill, NJ 08003 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a).

**FACTUAL STATEMENT**

6. On a date better known by Defendant, Plaintiff allegedly incurred a private student loan debt.

7. The alleged debt is personal in nature.

8. In attempt to collect said debt, Defendant placed a negative trade line on Plaintiff's credit report.

9. Within the Third Circuit, collection communications are judged from the standard of the least sophisticated consumer.

10. A trade line on a credit report contains multiple fields to indicate to the information about the debt.

11. These fields include a field concerning the balance owed, the payment history, and the original creditor.

12. Each of these fields are essential.

13. While the balance owed and payment history are obviously needed concerning a consumer's credit history, the identity of the original creditor is also extremely important. Without this information, a consumer reading his or her own credit report, will see a trade line that he or she does not recognize and will therefore refuse to make payment on the debt. In the same vein, where a consumer sees the wrong original creditor listed within the credit report, the consumer does not know what the debt is regarding, and whether or not the consumer actually owes the debt.

14. In this case, MRS BPO placed a trade line on Plaintiff's report at least as early as October 2017, and continued to regularly report on this debt to the credit reporting agencies.

15. MRS BPO placed this trade line in order to make a collection attempt upon Plaintiff, and induce payment.

16. Within its credit reporting, MRS BPO listed Transworld Systems Inc. as the original creditor of Plaintiff's alleged loan.

17. Transworld Systems Inc. is a third party debt collector. Upon information and belief, Transworld Systems Inc. is not a debt purchaser, and therefore never owns debts.

18. Therefore, it is undisputed that Transworld Systems Inc. is not Plaintiff's alleged original creditor.

19. By placing a trade line on her credit report and listing a false creditor, Plaintiff was confused by the trade line, and was unsure whether to make payment. The least sophisticated consumer would also be confused by this.

20. By making a false representation in connection with the collection of a debt, Defendant violated the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

21. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

22. Plaintiff seeks certification of the following class, initially defined as follows:

**The Class: All consumers with a Pennsylvania address for whom Defendant reported an incorrect original creditor to the credit reporting agencies for personal, household, or family debts originating within one year prior to the filing of this complaint.**

23. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**Numerosity**

24. Upon information and belief, Defendant has reported false credit information in attempt to collect a debt to hundreds if not thousands of consumers throughout the Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The erroneous credit reportings sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

27. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiffs and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

28. The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiffs' claims are

typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

29. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

30. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

31. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

32. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

33. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

34. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

36. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

37. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

38. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

39. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

40. Defendant's false and deceptive representations to the credit reporting agencies in attempt to collect an alleged debt from Plaintiff violates Section 1692e, e(2), e(8), and e(10).

WHEREFORE, Plaintiffs respectfully request that this Court do the following:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiffs' Counsel as Lead Counsel;

B.  Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for the named Plaintiff and each member of the class;

C.  Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

D.  Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

41.  Plaintiff demands a jury trial on all issues so triable.

Dated this 13th day of August, 2018.

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
Nicholas Linker, Esq.
Zemel Law, LLC
1373 Broad St., Suite 203C
Tel: (862) 227-3106
Email: nl@zemellawllc.com
Attorney for Plaintiffs