UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FATIMA RIDLEY, individually, and on behalf of all other similarly situated consumers,<br><br>          Plaintiff,<br><br>  vs.<br><br>MRS BPO, LLC,<br><br>          Defendant. | Case No.: 1:18-cv-12696-NLH-JS<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Daniel Zemel, Esq.
Nicholas Linker, Esq.
Zemel Law, LLC
1373 Broad St., Suite 203C
Tel: (862) 227-3106
Fax: (973) 282-8603
Counsel for Plaintiff Fatima Ridley

Aleksander Powietrzynski, Esq.
WINSTON & WINSTON, P.C.
708 Third Avenue, 5th Floor, Suite 142
New York, New York 10017
T: (212) 922-9483
Alex@winstonandwinston.com
Counsel for Defendant MRS BPO, LLC

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

    Plaintiff: Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA") by making a false representation in connection with the collection of a debt. Defendant did this by placing a trade line on Plaintiff's credit report and listing a false creditor. Defendant placed this trade line in order to make a collection attempt upon Plaintiff and listed Transworld Systems Inc. as the original creditor of Plaintiff's alleged loan. Transworld Systems Inc. is not a debt purchaser, and therefore never owns

1

debts, therefore, it is undisputed that Transworld Systems Inc. is not Plaintiff's alleged original creditor. By placing a trade line on Plaintiff's credit report and listing a false creditor, Plaintiff was confused by the trade line, and was unsure whether to make payment. The least sophisticated consumer would also be confused by this misrepresentation. As such, Defendant's false representation in connection with the collection of a debt violates the FDCPA.

Defendant: Defendant denies that it violated the FDCPA and, even if a violation is found, it is insulated from liability by the FDCPA's bona fide error defense.

3. Have settlement discussions taken place? **No.**
    (a) What was Plaintiff's last demand?
        (1) Monetary demand: N/A
        (2) Non-Monetary demand: N/A

    (b) What was Defendant's last offer?  Plaintiff has not provided a settlement demand to Defendant.
        (1) Monetary demand: N/A
        (2) Non-Monetary demand:  N/A

4. The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

5. The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor: The parties will exchange disclosures by December 5, 2018.

6. The parties do not anticipate any issues in completing disclosures required by Fed. R. Civ. P. 26(a)(1).

7. The parties **have not** conducted discovery other than the above disclosures.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

       Plaintiff: Plaintiff will seek discovery on Defendant's liability, defenses, class identification, and damages.

       Defendant: Defendant will seek discovery on Plaintiff's claims, its defenses, and Plaintiff's alleged damages.

(b) Plaintiff submits that discovery **should not** conducted in phases or be limited to particular issues. Defendant submits that discovery should be conducted in phases. Explain.

<u>Plaintiff</u>: Discovery should not be conducted in phases or be limited to particular issues. This case will not have voluminous discovery.

<u>Defendant</u>: Discovery should be conducted in phases.  Discovery related to identification of individual putative class members and Defendant's net worth should be prohibited unless and until a class is certified under FRCP 23.

(c) Proposed schedule:

    (1) Fed. R. Civ. P. 26 Disclosures: <u>December 5, 2018</u>.

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): The parties do not anticipate the use of e-discovery and as such will only have a conference if deemed necessary.

    (3) Service of initial written discovery <u>February 1, 2019.</u>

    (4) Maximum of 25 Interrogatories by each party to each other party.

    (5) Maximum of 5 depositions to be taken by each party.

    (6) Motions to amend or to add parties to be filed by <u>February 1, 2018</u>.  The parties reserve the right to seek leave of Court to amend the pleadings.

    (7) Factual discovery to be completed by <u>May 24, 2019.</u>

    (8) Plaintiff's expert report due on <u>May 24, 2019</u>.

    (9) Defendant's expert report due on <u>June 21, 2019.</u>
    (10) Expert depositions to be completed by <u>July 26, 2019</u>.
    (11) Dispositive motions to be served within <u>60</u> days of completion of discovery.

(d) No special discovery mechanism or procedures are requested.

(e) A pretrial conference may take place on _____.

(f) Trial date: _____ (Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? No.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? No.

11. Do you anticipate any discovery problem(s) not listed above? No.

12. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).

<u>This case may be appropriate for mediation after the close of discovery.</u>

13. Is this case appropriate for bifurcation? Plaintiff proposes that the answer is "no." Defendant proposes that the answer is "yes.".

14. An interim status/settlement conference (with clients in attendance), should be held in May, 2019.

15. We **do not** consent to the trial being conducted by a Magistrate Judge.

16. No other issues need to be addressed at the Rule 16 Scheduling Conference.

Respectfully submitted,

<u>/s/ Daniel Zemel</u>
Daniel Zemel, Esq.
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07032
T: (862) 227-3106
DZ@zemellawllc.com
Attorney for Plaintiff


<u>/s/ Aleksander Powietrzynski</u>
Aleksander Powietrzynski, Esq.
WINSTON & WINSTON, P.C.
708 Third Avenue, 5th Floor, Suite 142
New York, New York 10017
T: (212) 922-9483
Alex@winstonandwinston.com
Attorney for Defendant