UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FATIMA RIDLEY, individually and on behalf of all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> MRS BPO, LLC, <br><br> Defendant. | Case No.: 1:18-cv-12696-NLH-JS |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Daniel Zemel, Esq.
Nicholas Linker, Esq.
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07524
dz@zemellawllc.com
nl@zemellawllc.com
(862) 227-3106
*Attorneys for Plaintiff*

Aleksander P. Powietrzynski, Esq.
Winston & Winston
155 E. 44th Street, 5th Floor, Suite 142
New York, NY 10017
Alex@winstonandwinston.com
(212) 922-9483
*Attorneys for Defendant*

## I.  INTRODUCTION

Plaintiff Fatima Ridley, and Defendant MRS BPO, LLC, by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of the parties' joint motion for an Order (1) preliminarily approving the Settlement Agreement and Release of Claims agreed to by the parties on or about August 9, 2020, (hereinafter, "Settlement Agreement," filed contemporaneously with this memorandum and attached as "Exhibit A" to the Declaration of Daniel Zemel in Support of Joint Motion for Preliminary Approval of Class Settlement; (2) certifying the putative Settlement Class (as defined in the Settlement Agreement and pending final approval by the Court); (3) approving the Notice and the Notice Plan as contained within the Settlement Agreement; (4) setting a date by which Notice must be sent; (5) scheduling a final approval hearing under Federal Rule of Civil Procedure 23(c)(2) (the "Final Fairness Hearing") after the Notice period has expired so that the Court can consider any objections to the settlement and approve the parties' agreement regarding payment of Class Counsel's attorneys' fees and costs and payment of an incentive award to the Class Representatives.

## II.  NATURE OF THE CASE

### A. Facts Underlying this Class Action

Plaintiff and the class are Pennsylvania consumers for whom Defendant reported an incorrect original creditor to the credit reporting agencies. Plaintiff asserts that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in doing so. *See* Complaint [ECF 1]. Specifically, in an attempt to collect on a consumer debt, Defendant placed a negative trade line on Plaintiff's credit report. Included in this credit entry, are data fields, which are essential for the consumer to understand the nature of

2

the debt and its origination, including fields concerning the balance owed, the payment history, and the original creditor. In this case, Defendant incorrectly listed Transworld Systems Inc. as the original creditor, which is in fact a third party debt collector and not the creditor of the debt. Defendant has denied all liability and contends that they did not violate the law or engage in any wrongful or unlawful conduct.

### B. Procedural and Litigation History

Plaintiff Fatima Ridley filed a Complaint on August 13, 2018 alleging that Defendant violated provisions of the Fair Debt Collection Practices Act by reporting false information in an attempt to collect a debt. [ECF 1]. Defendant filed an Answer on November 5, 2018. [ECF 3]. Through discovery, Plaintiff determined that the actions taken by Defendant against her, were also engaged in for some ninety four (94) other consumers that were similarly situated. On April 16, 2019, Plaintiff moved for Class Certification, which was subsequently granted on December 18, 2019. [ECF 17 and 33]. Subsequent to the granting of class settlement, the parties reached a settlement agreement.

### III. THE SETTLEMENT CLASS & CLASS RELIEF

#### A. The Class Definition

Consistent with the Court's approved class certification [ECF 33], the parties seek approval of a Settlement Class defined as follows:

> **All consumers with a Pennsylvania address for whom Defendant reported an incorrect original creditor to the credit reporting agencies for personal, household, or family debts originating within one year prior to the filing of the complaint.**

#### B. Terms of the Proposed Settlement

Under the terms of settlement, all Class Members shall be entitled to receive monetary relief in the form of statutory damages from the Settlement Fund, which will consist of $16,000.

Each consumer will be sent a check for their pro-rata share of statutory damages, which is estimated at $170.21 per class member. The shares of any of the Settlement Class Members who cannot be located will be applied to the costs associated with the class settlement administrator, and any remainder will be donated as a *cy pres* award to the Seton Hall Legal Justice Clinic and the award will be expressly earmarked for the benefit of consumers. Defendant will otherwise cover costs of class notice and class administration.

### C. RELIEF TO THE NAMED PLAINTIFF

Pursuant to the Settlement Agreement, the named plaintiff, Fatima Ridley, will receive $3,000 in recognition of her efforts on behalf of the class.

## IV. ARGUMENT

### A. THE SETTLEMENT CLASS HAS EFFECTIVELY ALREADY BEEN CERTIFIED

The class definition is identical to the class definition which this Court certified on December 18, 2019. [ECF 33]. As such, the Settlement Class is effectively certified already and no developments in the case or applicable case law have occurred that should alter the Court's findings.

Specifically, the Court previously examined the issue of Rule 23 certification in detail and concluded in the context of a contested motion for class certification that all Rule 23 requirements (*e.g.* numerosity, commonality, typicality, adequacy of the named plaintiff and class counsel, etc.) had been met. [ECF 32]. Accordingly, Plaintiff will not address each requirement here, but rather incorporates by reference the previous class certification papers and this Court's findings regarding same. *See id.*

### B. THE SETTLEMENT AGREEMENT SHOULD BE PRELIMINARILY APPROVED.

"The preliminary approval decision is not a commitment [to] approve the final settlement; rather, it is a determination that there are no obvious deficiencies and the settlement falls within the range of reason." *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Id.*

"The preliminary approval determination requires the Court to consider whether '(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Linerboard Antitrust Litigation,* 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003) (citing *In re General Motors Corp. Pick-up Truck Fuel Tank Product Liability Litigation,* 55 F.3d 768, 785-86 (3d Cir. 1995); *see also In re Cendant Corp. Litigation*, 264 F.3d 201, 233 n.18 (3d Cir. 2001)). "If, after consideration of those factors, a court concludes that the settlement should be preliminarily approved, "… an initial presumption of fairness …is established." *Id* at 638. (citing *In re Gen. Motors Corp.*, 55 F.3d at 785) (internal quotations omitted). In this case, the negotiations were conducted at arms length and only occurred after discovery was taken and the Court certified the class. Further, counsel on both sides are well-experienced in class litigation for FDCPA cases.

Next, the Court can approach a fairness determination with the presumption that the settlement is fair. *See In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 254 (D.Del. 2002). To determine whether the settlement is fair, reasonable, and adequate under Rule 23(e), the Third Circuit looks to the factors set forth in *Girsh v. Jepson,* 521 F.2d 153 (3d Cir. 1975). Courts are further guided by the Third Circuit's recognition that "[t]he law favors settlement, particularly in

5

class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re General Motors Corp.* 55 F.3d at 784.

1. <u>The complexity, expense, and likely duration of the litigation.</u>

This case revolves around the legality of certain credit reporting by a debt collector. While not overly complex in general, this area of the FDCPA is a nuanced area involving proper credit reports and the possibility of a highly technical *bona fide* error affirmative defense, all of which would need to be borne out at trial with clarity. Absent settlement, the parties would move towards dispositive motions, expert discovery, and trial preparation which would significantly increase costs for both parties, and therefore hinder the class recovery. The proposed settlement forecloses a realistic possibility of complex and expensive litigation. By reaching resolution prior to trial, the matter will reach short resolution as opposed to resolution at trial along with a subsequent appeal.

2. <u>The stage of the proceedings and the amount of discovery completed.</u>

This matter has been fully litigated through class discovery, though some factual discovery remained. Expert discovery did not conclude. If settlement were not approved, the parties would proceed with discovery, and then summary judgment motions to decide the merits of the case and probably trial.

As a result of the discovery thus far undergone, the parties and their counsel are fully cognizant of the relative strengths and weaknesses of various claims and defenses, and the risks and potential outcomes absent settlement.

3. <u>The risks of establishing liability and the risks of establishing damages</u>

Notwithstanding certification of the Class, Plaintiff still faces risks in establishing liability and damages on the merits. First, the court may find that Defendant's actions did not

6

violate the FDCPA. Second, the court may find that although there was a violation of the FDCPA, the class is not entitled to the extent of statutory damages that Plaintiff has negotiated on behalf of the class. In light of Plaintiff's favorable statutory damages recovery, this factor favors approval. It must be noted that FDCPA class actions are limited to 1% of a defendant's net worth. Here, the provided for relief allows for the maximum possible statutory recovery.

4. <u>The risks of maintaining the class action through the trial</u>

There are risks associated with maintaining this case through trial. Specifically, establishing liability is a risk in light of Defendant's possible affirmative defense. The *bona fide* error is a difficult, but not impossible bar at trial and would allow Defendant to escape liability completely. Defendant would have to prove that this was a simple computer error that occurred despite policies to the contrary. In recognition of this possible defense and the complications at trial that may arise, this factor favors approval.

5. <u>The ability of Defendants to withstand a greater judgment, the range of reasonableness of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.</u>

As settled, the class is already receiving 100% of their possible statutory damages. In FDCPA cases, the Defendant's liability is limited to 1% of its net worth, which Plaintiff has determined is approximately $1,600,000. Accordingly, Defendant could not withstand greater judgment in this regard. As such, these factor favors approval. Where the class is obtaining 100% of their possible damages, there is no reason to risk this type of return by going through with trial, and in the event Plaintiff was to prevail, an appeal by Defendant. Evaluated against these risks, settlement is an excellent result for the Class.

Accordingly, a preliminary examination of the *Girsh* factors, with the presumption that the settlement is fair, concludes that the settlement is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the class.

### C. THE INCENTIVE AWARD TO THE CLASS REPRESENTATIVES IS REASONABLE

As noted above, the Settlement Agreement provides that, in recognition of her efforts on behalf of the class, the Class Representative will receive $3,000. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Meijer, Inc. v. 3M*, No. 04-5871, 2006 U.S. Dist. LEXIS 56744 (E.D. Pa. 2006) at *82 (quoting *In re S. Ohio Corr. Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)). This incentive award is within the range regularly approved by Courts in this jurisdiction. *Smith v. First Union Mortgage Corp.,* No. 98-cv-5360, 1999 U.S. Dist. LEXIS 18299 (E.D. Pa. Dec. 1, 1999) (approving incentive award of $7,500 to two class representatives in an FDCPA class Action settlement); *Bonett v. Educ. Debt Servs.,* No. 01-6528, 2003 U.S. Dist. LEXIS 9757 (E.D. Pa. May 9, 2003) (award of $4,000 to class representative to compensate her for "her service to the Class"); *see also Barel v. Bank of Am.*, 255 F.R.D. 393, 404 (E.D. Pa. 2009) (awarding $10,000 to named plaintiff in FCRA class litigation).

The proposed incentive award is fair and reasonable and should be approved. Plaintiff has taken part at every level of this case. She has responded to discovery requests, stayed in constant communication with counsel, avoided attempts to be picked off as lead plaintiff, and has been willing to bring her case to trial to obtain a just result for himself and the class. Considering Plaintiff's efforts, the incentive award is more than reasonable.

### D. THE ATTORNEYS' FEES PROVISIONS OF THE SETTLEMENT ARE REASONABLE

8

The Supreme Court has recognized a preference for allowing litigants to resolve fee issues through agreement, stating '[a] request for attorney[s'] fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee.'" *Pro v. Hertz Equip. Rental Corp.*, Civil Action No. 06-3830 (DMC), 2013 U.S. Dist. LEXIS 86995 (D.N.J. 2013) at *16 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "The Third Circuit has noted that under the FDCPA, attorneys' fees are not a special or discretionary remedy but rather the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Good v. Nationwide Credit, Inc.*, 314 F.R.D. 141, (E.D. Pa. 2016) (*citing Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991)). "The lodestar method, normally applied in statutory fee shifting cases, multiplies the number of hours reasonably worked by a reasonable hourly rate." *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 113-114 (E.D. Pa. 2005).

In the instant case, the Settlement Agreement provides that the Defendants shall pay Class Counsel fees and costs of $45,000. Plaintiff will submit detailed time records and expenses at in moving for fees and costs prior to final approval of the class settlement in support of Plaintiff's fee petition.

**V.     THE PROPOSED NOTICE TO THE CLASS SHOULD BE APPROVED**

Following conditional approval, the final issue the court must take up is the question of notice to the class. *See Collier v. Montgomery Cty. Hous. Auth.,* 192 F.R.D. 176, 186 (E.D. Pa. 2000). Notice to the class members is essential to providing each member with due process of law, since members will be bound to the resolution of this case unless they opt out. *See Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14, 94 L. Ed. 865, 70 S. Ct. 652 (1950)). "Rule 23(c)(2) requires 'the best notice practicable under the circumstances,

including individual notice to all members who can be identified through reasonable effort.'" *Carlough v. Amchem Prods.*, 158 F.R.D. 314, 325 (E.D. Pa. 1993). *See also In re Am. Inv'rs Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 263 F.R.D. 226, 237 (E.D. Pa. 2009) ("Under Rule 23(c)(2)(B), notice must be given to potential class members by the best notice practicable under the circumstances for all classes certified under Rule 23(b)(3).") "Notice must state in clear, concise and plain language: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues or defenses; (4) the class member's right to enter an appearance by an attorney; (5) the class member's right to be excluded from the class; (6) the time and manner for requesting exclusion; and (7) the binding effect of settlement on class members." *In re Am. Inv'rs Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 263 F.R.D. at 237.

The proposed notice plan easily meets Rule 23(c)(2)(B)'s requirements. The notice contains all the necessary information, including the nature of the lawsuit, the class, the settlement terms, and the options available to the members of the Class. Each notice will be sent to the last known addresses of the class members as provided by Defendant. Accordingly, the notice should be approved by the Court.

## VI.   CONCLUSION

For the reasons set forth above, the parties' joint motion to certify the settlement class and for conditional approval of the class settlement should be granted and the Court should set the various dates and deadlines for notice, objections, and a hearing under Rule 23.

Dated: August 19, 2020

                                               Respectfully submitted,

                                               */s/ Daniel Zemel*

Daniel Zemel, Esq.
Nicholas Linker, Esq.
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07514
dz@zemellawllc.com
nl@zemellawllc.com
(862) 227-3106
*Attorneys for Plaintiff*

<u>*/s/ Aleksander P. Powietrzynski*</u>
Aleksander P. Powietrzynski, Esq.
Winston & Winston
155 E. 44th Street, 5th Floor, Suite 142
New York, NY 10017
Alex@winstonandwinston.com
(212) 922-9483
*Attorneys for Defendant*